UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS DIONTE COPELAND, # 600227,

    Petitioner,

v.

    CASE NO. 2:14-CV-14363
    HONORABLE DENISE PAGE HOOD
    UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

    Respondent.
_____/

**OPINION AND ORDER GRANTING
THE PETITION FOR WRIT OF HABEAS CORPUS**

Curtis Dionte Copeland, ("Petitioner"), presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, petitioner challenges his conviction for receiving and concealing a stolen motor vehicle, M.C.L.A. 750.535(7) and being an habitual offender, M.C.L.A. 769.12. For the reasons stated below, the application for writ of habeas corpus is **GRANTED.**

**I. Background**

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Michigan Reformatory, but has since been transferred to the Cotton Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. See *Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); See also Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Shawn Brewer in the caption.

Petitioner was charged with receiving and concealing a stolen motor vehicle, concealing or misrepresenting identity with intent to mislead, felon in possession of a firearm, and felony-firearm. Following a jury trial in the Wayne County Circuit Court, petitioner was found guilty of the receiving and concealing charge and was acquitted of the three remaining charges.[2] Petitioner was sentenced to three years, four months to ten years in prison.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> At trial, the evidence established that a tip received by police regarding the location of several stolen vehicles resulted in the discovery of a stolen black Chevrolet Impala parked in front of a residence at 3950 Joseph Campau in Detroit. Police determined that the black Impala was stolen because the vehicle identification number (VIN) on the black Impala was assigned to a white Impala. A subsequent search of the 3950 Joseph Campau residence revealed the presence of men's clothing and an unusual amount of automobile parts. Tierra Hinton, who had tattoos bearing defendant's name and indicating a romantic relationship, and a small child identified as her son were present during the search. Further, a woman who lived next door to the residence at issue testified that she observed defendant coming and going from the home at least two or three times a week since late 2009, and that she always assumed he lived there. She also testified that she did not start observing Hinton until about a year after she first noticed defendant, and she assumed Hinton was there to visit defendant.
>
> In addition, the prosecution presented the testimony of Rodney Lea, owner of Lea's Auto Body, that he recognized the white Impala, whose VIN was taken and attached to the stolen black Impala, as a vehicle

---

[2] The judge directed a verdict of not guilty with respect to the two firearms charges and the jury acquitted petitioner of the concealing or misrepresenting identity with intent to mislead charge.

> that he bought from a salvage auction in August 2011. In addition, he testified that defendant and Hinton came to his body shop and purchased the white Impala he obtained from the salvage auction. Specifically, he recalled that defendant was the one who actually did all of the talking about the sale of the white Impala and paid him in cash for the Impala, but that the receipt was made out to Hinton. Also, two other employees of the auto body shop from which the white Impala was purchased confirmed that defendant examined the vehicle, negotiated the sale, paid cash for the vehicle, and arranged for the vehicle's transportation.

*People v. Copeland*, No. 311129, 2013 WL 6182646, at *1-2 (Mich. Ct. App. Nov. 26, 2013)(footnote omitted).

Two judges on the Michigan Court of Appeals voted to uphold the conviction, finding that the evidence was sufficient to sustain petitioner's conviction:

> Viewing this evidence in the light most favorable to the prosecution, we conclude that there was sufficient evidence for a rational trier of fact to conclude that the elements of the charged crime were proved beyond a reasonable doubt. In particular, it is reasonable to infer from the evidence presented at trial that defendant possessed the black Impala and knew that it was stolen.

*Id.,* at * 2 (majority opinion)(footnote omitted).

Judge Wendy Jansen dissented from the majority opinion, arguing that there was insufficient evidence to sustain petitioner's conviction:

> I respectfully dissent. I conclude that the prosecution presented insufficient evidence to prove that defendant received, concealed, or had actual or constructive possession of the stolen car in this case. See MCL 750.535(7); *People v. Pratt*, 254 Mich. App 425, 427; 656 NW2d 866 (2002).
>
> The stolen, black Chevrolet Impala was located in front of a residence at 3950 Joseph Campau Street in Detroit. It is true that defendant was seen frequenting the residence. In addition, defendant was present at

3

the time a different, white Chevrolet Impala was purchased from Lea's Auto Body in August 2011. The evidence established that the VIN plate was removed from this white Impala and subsequently attached to the stolen black Impala.

The problem, however, is that there was no evidence directly linking defendant to the falsification of the vehicle's VIN. Nor was there any evidence to prove that defendant received, concealed, or had actual possession of the black Impala. No paperwork or documentation bearing defendant's name was located in the black Impala. Moreover, the evidence tended to establish that Tierra Hinton, defendant's apparent girlfriend, lived in the residence on Joseph Campau Street. Indeed, Hinton and her small child were present when the police searched the residence. Additionally, Hinton was present with defendant at the time the white Impala was purchased in August 2011. The sales receipt for the white Impala was made out to Hinton and the white Impala was registered in Hinton's name. In short, there was significantly more admissible evidence tying Hinton to the falsified VIN and stolen Impala than there was tying defendant to the VIN and stolen vehicle.

In light of the evidence presented at trial, I conclude that it is at least equally as likely that Hinton falsified the VIN plate and concealed or possessed the stolen vehicle. "When a jury is confronted, as here, with equally persuasive theories of guilt and innocence it cannot rationally find guilt beyond a reasonable doubt." *United States v. Andujar*, 49 F3d 16, 22 (CA 1, 1995). Moreover, it cannot be disputed that defendant's mere presence at 3950 Joseph Campau Street was insufficient to prove that he constructively possessed the black Impala. See *People v. Wolfe*, 440 Mich. 508, 520; 489 NW2d 748,amended441 Mich. 1201 (1992); *People v. Vaughn*, 200 Mich.App 32, 36; 504 NW2d 2 (1993). In my opinion, no rational trier of fact could have determined beyond a reasonable doubt that defendant received, concealed, or possessed the stolen black Impala. For this reason, I would reverse defendant's conviction.

*Id.* at * 2-3 (Jansen, J.)(dissenting opinion).

The Michigan Supreme Court denied petitioner leave to appeal. *People v. Copeland,* 496 Mich. 865, 849 N.W.2d 339 (2014).

Petitioner seeks a writ of habeas corpus on the following ground:

I. [Petitioner] is entitled to a new trial where there was insufficient evidence to find for the conviction of receiving and concealing stolen property. As such, the motion for directed verdict as to this count should have been granted.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams* v. *Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may

5

not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

The Court grants petitioner a writ of habeas corpus because the evidence was insufficient to convict him of receiving and concealing a motor vehicle.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote omitted)(emphasis in the original). Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence at trial to exclude every reasonable hypothesis except that of guilt. *Johnson v. Coyle,* 200 F. 3d

987, 992 (6th Cir. 2000)(internal quotations omitted).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. See *Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011).

Under Michigan law, the elements of receiving and concealing stolen property are:

> "(1) that the property was stolen;
> (2) the value of the property;
> (3) the receiving, possession or concealment of such property by the defendant with the knowledge of the defendant that the property had been stolen;
> (4) the identity of the property as being that previously stolen; and
> (5) the guilty constructive or actual knowledge of the defendant that the property received or concealed had been stolen."

*People v. Hooks*, 139 Mich. App. 92, 96, 360 N.W. 2d 191 (1984)(quoting *People v. Matuja*, 77 Mich. App. 291, 295, 258 N.W.2d 79 (1977).

In the present case, petitioner is entitled to habeas relief, because there was insufficient evidence presented for a rational trier of fact to conclude beyond a reasonable doubt that petitioner received, concealed, or had actual or constructive possession of the stolen black Chevrolet Impala. The facts relied upon by the majority of the Michigan Court of Appeals in affirming petitioner's conviction may have supported a "reasonable speculation" that petitioner

7

received, concealed or possessed this car, but these facts do not amount to proof beyond a reasonable doubt. Mere suspicion cannot sustain a verdict of guilt beyond a reasonable doubt. *See United States v. Jenkins,* 345 F. 3d 928, 942 (6th Cir. 2003); *see also United States v. Hayter Oil Co., Inc. of Greeneville, Tennessee*, 51 F. 3d 1265, 1271, n. 5 (6th Cir. 1995)(quoting *United States v. Van Hee*, 531 F. 2d 352, 357 (6th Cir. 1976))("'[e]vidence that at most establishes no more than a choice of reasonable probabilities cannot be said to be sufficiently substantial to sustain a criminal conviction upon appeal.'").

In *Fuller v. Anderson,* 662 F. 2d 420, 424 (6th Cir. 1981), the Sixth Circuit held that in a prosecution for felony-murder, the evidence established, at most, that the petitioner was present when another individual firebombed the house. That was held to be insufficient to establish beyond a reasonable doubt that petitioner took conscious action to aid in the commission of the underlying arson. *Id.* at 424. The evidence in *Fuller* was the petitioner had looked around while another person started the fires that caused the victim's death. Although it may have been reasonable to speculate from this evidence that petitioner acted as a lookout, a rational jury could not find it to be proof beyond a reasonable doubt that the petitioner aided and abetted in the offense, where there was no evidence that the petitioner intended to burn the victims' home and the evidence that he knew that this other individual planned to burn it was "simply too meager" to support his conviction.

In *Hopson v. Foltz,* 818 F. 2d 866 (Table); 1987 WL 37432, * 2 (6th Cir. May 20, 1987), the Sixth Circuit granted a writ of habeas corpus, finding that there was insufficient evidence for a jury to find beyond a reasonable doubt that the petitioner participated as an aider and abettor in the murder for which he was convicted. The testimony at most indicated that the petitioner in *Hopson* was present at the shooting, that he may have argued with the victim during the evening prior to the shooting, that he may have known that someone else intended to harm the victim, and that he may have taken the empty shell casings after the shooting. However, there was no proof that the petitioner "acted in pre-concert" with the shooter to commit the murder or that he said or did anything to "support, encourage, or incite the commission of the crime." *Id.*

In *Brown v. Palmer,* 441 F. 3d 347, 352 (6th Cir. 2006), the Sixth Circuit indicated that although *Fuller* and *Hopson* were pre-AEDPA [Antiterrorism and Effective Death Penalty Act] cases, "[t]heir holdings that distinguish reasonable speculation from sufficient evidence are still persuasive in establishing that the state court's application of federal constitutional law as set forth in *Jackson*, was objectively unreasonable."

In the present case, without impermissibly stacking inferences, there is insufficient evidence for a rational trier of fact to conclude that petitioner received, concealed, stole, or possessed the black Chevrolet Impala. *See Kelly v. Roberts,* 998 F. 2d 802, 808-09 (10th Cir. 1993). "[A]lthough a jury may infer

9

facts from other facts that are established by inference, each link in the chain of inferences must be sufficiently strong to avoid a lapse into speculation." *Piaskowski v. Bett,* 256 F. 3d 687, 693 (7th Cir. 2001). In this case, the chain of inferences that the prosecution attempted to forge fails in many places. *Id.*

The only evidence relied upon by the majority of the Michigan Court of Appeals and by the Attorney General in the answer to the petition for writ of habeas corpus to support petitioner's conviction is the fact that he went with Tierra Hinton to purchase the white Chevrolet Impala from which the VIN plate was removed and later placed on the stolen black Impala and that the stolen black Impala was parked in front of a residence that petitioner may have frequented. However, as Judge Jansen indicated in her dissenting opinion, there was no evidence which showed that petitioner played any part in removing the VIN plate from the white Impala or placed it on the stolen black Impala. There was no evidence proving that petitioner ever received, concealed, stole, drove, or was otherwise in actual possession of the black Impala. Petitioner's fingerprints were not recovered from this vehicle, nor was any paperwork or documentation bearing petitioner's name located in the black Impala. The evidence tended to suggest that Tierra Hinton lived in the residence on Joseph Campau Street. Hinton and her small child were present when the police searched the residence. Hinton was also present with petitioner at the time the white Impala was purchased. The sales receipt for the white Impala was made

out to Hinton and this vehicle was registered in her name. "In short, there was significantly more admissible evidence tying Hinton to the falsified VIN and stolen Impala than there was tying defendant to the VIN and stolen vehicle." *Copeland*, No. 311129, 2013 WL 6182646, at * 2 (Jansen, J.)(dissenting opinion).

"Although circumstantial evidence alone can support a conviction, there are times that it amounts to only a reasonable speculation and not to sufficient evidence." *Newman v. Metrish*, 543 F. 3d 793, 796 (6th Cir. 2008). In this case, the "meager circumstantial evidence" is simply too innocuous to convict petitioner of this crime, particularly since much of it is "conjecture camouflaged as evidence." *Piaskowski,* 256 F. 3d at 693. While the evidence may have lead to a reasonable speculation that petitioner may have had some involvement with the stolen black Impala, without stacking inferences there is insufficient evidence to prove beyond a reasonable doubt that petitioner received, concealed, or possessed this vehicle. The evidence is simply too speculative to support petitioner's conviction. *See, e.g., Parker v. Renico*, 506 F.3d 444, 452 (6th Cir.2007)(evidence that Parker was in a car containing guns with men who planned a murder was too speculative to support a finding that Parker constructively possessed the firearm). As Judge Jansen noted in her dissent, the evidence just as equally suggests that Tierra Hinton was the person who received and concealed this vehicle. "[W]hen a jury is confronted, as here, with

11

equally persuasive theories of guilt and innocence it cannot rationally find guilt beyond a reasonable doubt." *United States v. Andujar*, 49 F3d 16, 22 (1st Cir. 1995).

The Michigan Court of Appeals' conclusion that the evidence was sufficient to convict petitioner is contrary to, or an unreasonable application of, *Jackson v. Virginia.* The decision is also an unreasonable determination of the facts. Judge Jansen's sharp dissent in this case offers a compelling and persuasive argument that the majority's conclusion was unreasonable, justifying habeas relief for petitioner. *See Rockwell v. Yukins,* 341 F. 3d 507, 516-17 (6th Cir. 2003)(Clay, J., dissenting). Petitioner is therefore entitled to habeas relief.

Because the Court finds that the state has failed to meet its burden of proof, the appropriate remedy is to issue a writ of habeas corpus outright, rather than conditioning the grant of the writ on the state's failure to retry the petitioner. *See Brown v. Palmer,* 358 F. Supp. 2d 648, 656 (E.D. Mich. 2005).

The petition for writ of habeas corpus is hereby granted with respect to petitioner's insufficiency of evidence claim and the Court orders that petitioner's conviction for receiving and concealing a stolen motor vehicle and being an habitual offender be vacated or set aside. Because petitioner has been incarcerated for almost three years for a crime that the State of Michigan failed to prove, this Court will order that petitioner shall be released immediately from incarceration. *See Kelly,* 998 F. 2d at 809, n. 11; *Brown,* 358 F. Supp. 2d at 656.

## IV.  ORDER

**IT IS HEREBY ORDERED THAT PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS IS UNCONDITIONALLY GRANTED.  PETITIONER'S CONVICTIONS FOR RECEIVING AND CONCEALING A STOLEN MOTOR VEHICLE AND BEING AN HABITUAL OFFENDER ARE ORDERED TO BE VACATED AND SET ASIDE.  RESPONDENT IS ORDERED TO RELEASE PETITIONER FROM CUSTODY IMMEDIATELY.**

**SO ORDERED.**

        **S/Denise Page Hood**
        **Denise Page Hood**
        **United States District Judge**

**Dated:  April 15, 2015**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on April 15, 2015, by electronic and/or ordinary mail.**

        **S/LaShawn R. Saulsberry**
        **Case Manager**