UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS DIONTE COPELAND, # 600227,

    Petitioner,

v.

CASE NO. 2:14-CV-14363
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

    Respondent.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE RESPONDENT'S MOTIONS FOR A STAY PENDING APPEAL

This matter is before the Court on respondent's motion for immediate consideration and emergency motion for a stay pending the appeal of the Court's decision to grant habeas relief to the petitioner filed April 15, 2015, amended on April 16, 2015. For the reasons stated below, the motion for a stay is **GRANTED IN PART AND DENIED IN PART.**

On April 15, 2015, this Court granted petitioner an unconditional writ of habeas corpus, finding that there had been insufficient evidence presented at trial to prove beyond a reasonable doubt that petitioner had committed the crime of receiving and concealing a stolen motor vehicle and being an habitual offender. Because petitioner had been incarcerated for almost three years for a crime that the State of Michigan failed to prove, this Court ordered that petitioner should be released immediately from incarceration.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); *Burdine v. Johnson*, 87 F. Supp. 2d 711 (S.D. Tex. 2000); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

> The factors regulating the issuance of a stay are:
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.
>
> *Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to stay an order granting relief to a habeas petitioner, pending the state's appeal, federal courts are not restricted to consider only the petitioner's risk of flight, but are authorized to consider traditional stay factors, including the risk that petitioner would pose a danger to the public if released, the state's interest in continuing custody and rehabilitation of the

2

petitioner, the interest of the habeas petitioner in his or her release pending appeal, and the likelihood of the state's success on the merits of the appeal. *Hilton v. Braunskill*, 481 U.S. at 777. The interests of the habeas petitioner in release pending appeal, while always substantial, will be strongest where these factors are the weakest. *Id.* at 777-78. The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may depend to a large extent upon a determination of the state's prospects of success in its appeal. *Hilton,* 481 U.S. at 778; *Workman*, 958 F. 2d at 166. Where the state fails to show either that it has a strong likelihood of success on appeal or can demonstrate a substantial case on the merits, the preference for release of the petitioner should control. *Hilton,* 481 U.S. at 778.

The Court declines to grant respondent's motion for a stay of proceedings pending appeal in this case. First, and most importantly, the respondent is not entitled to a stay of proceedings pending appeal because he has failed to show either a strong likelihood of success on appeal or that he has a substantial case on the merits. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 778 (E.D. Mich. 2004). Respondent has basically rehashed the same arguments that he made in his answer to the petition for writ of habeas corpus and which were rejected by this Court in the opinion and order granting habeas relief.

Secondly, respondent is not entitled to the issuance of a stay, because he has failed to show that he would be irreparably injured in the absence of a stay or

3

that there would be any risk of harm to the public interest if a stay was not issued in this case. *See Newman v. Metrish,* 300 Fed. Appx. 342, 343 (6th Cir. 2008); *Ward v. Wolfenbarger,* 340 F. Supp. 2d at 778.

In this case, prolonging petitioner's incarceration on these charges to allow respondent time to file an appeal would be unjust following this Court's finding that the evidence was insufficient to support the conviction, where petitioner has been in custody for almost three years for a crime that the state failed to prove beyond a reasonable doubt. *Brown v. Palmer,* 358 F. Supp. 2d 648, 656 (E.D. Mich. 2005); *aff'd,* 441 F. 3d 347 (6th Cir. 2006). Petitioner would suffer irreparable harm each day that he would remain imprisoned in violation of the U.S. Constitution. Because "remedying such harm is the very essence of the writ of habeas corpus," *Ward,* 340 F. Supp. 2d at 778 (quoting *Burdine*, 87 F. Supp. 2d at 717), respondent is not entitled to the issuance of a stay pending appeal. It is noted that this § 2254 habeas case applies to the underlying state court judgment only. *See Eddleman v. McKee,* 586 F.3d 409, 413 (2009).

In the alternative, respondent has requested this Court to grant him fourteen days to file a notice of appeal with the Sixth Circuit. Respondent has not yet filed a notice of appeal and offers no reasons why he failed to immediately file a notice of appeal with the Sixth Circuit upon receipt of this Court's order. Nonetheless, this Court will grant respondent's request in part and will stay the Court's opinion and order granting the petition for writ of habeas corpus for

fourteen (14) days from the date of this order to allow respondent time to file a notice of appeal and a motion for stay of proceedings with the Sixth Circuit.

**IT IS ORDERED THAT Respondent's Motions for a Stay Pending Appeal (Nos. 10 and 11) are DENIED.**

**IT IS FURTHER ORDERED that the Court's Opinion and Order Granting the Petition for Writ of Habeas Corpus will be stayed until fourteen (14) days from the date of this order to permit the respondent to file a notice of appeal and a motion for stay of proceedings with the United States Court of Appeals for the Sixth Circuit.  If there is no ruling granting Respondent's Motion for Stay of Proceedings within the 14 days, Respondent must release Petitioner immediately as to the underlying state court judgment.**

                             <u>S/Denise Page Hood</u>
                             **Denise Page Hood**
                             **United States District Judge**

**Dated:  April 17, 2015**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on April 17, 2015, by electronic and/or ordinary mail.**

                             <u>S/LaShawn R. Saulsberry</u>
                             **Case Manager**